ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOAQUÍN RODRÍGUEZ GARCÍA, CARMEN LOURDES BENÍTEZ DELGADO Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES INTEGRADA POR AMBOS<br><br>**Peticionario**<br><br>v.<br><br>BREEZE POINT AT OCEAN CORP.; PALMAS DEL MAR ARCHITECTURAL REVIEW BOARD, INC. (PMARB); PALMAS DEL MAR HOMEOWNERS ASSOCIATION, INC. (PMHOA)<br><br>**Recurrida** | KLCE202400711 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de Humacao.<br><br>Civil núm.: HU2023CV01097.<br><br>Sobre: daños y perjuicios; *injunction.* |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Rivera Pérez[1].

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de julio de 2024.

El 28 de junio de 2024, el Sr. Joaquín Rodríguez García, su esposa, la Sra. Carmen Lourdes Benítez Delgado, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los peticionarios) comparecieron ante nos mediante un *Recurso de Certiorari* y solicitaron la revisión de una *Resolución* que se emitió el 29 de abril de 2024 y se notificó el 30 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de descalificación que presentó la parte peticionaria.

---

[1] De conformidad con la Orden Administrativa JP-2018-035 y debido a la inhibición de la Hon. Martínez Cordero, se designó a la Hon. Rivera Pérez, en sustitución.

Número identificador

RES2024_____

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 31 de julio de 2023, los peticionarios presentaron una *Petición de Interdicto* sobre daños y perjuicios e *injunction* en contra de Breeze Point at Ocean Corp. (Breeze Point o recurrido), Palmas del Mar Arquitectural Review Board, Inc. (PMARB) y Palmas del Mar Homeowners Association, Inc. (PMHOA).[2] En esta, le solicitaron al TPI que declarara que la construcción del Shell Castle Club 48 contravenía las restricciones voluntarias contenidas en las Guías de Diseño aprobadas por la PMARB. Además, solicitaron que se concediera un interdicto permanente ordenando que cesara toda la construcción reñida con el límite de vuelo que se especificaba en la Guía antes mencionada. Por último, reclamaron una indemnización por daños ascendientes a $500,000.00.

Luego de varios trámites procesales que no son pertinentes discutir, el 15 de enero de 2024, Breeze Point presentó una *Contestación a Demanda, Reconvención y Demanda Contra Terceros*.[3] En lo que no concierne, en la Reconvención, sostuvo que los peticionarios presentaron la demanda antes expuesta con el propósito de defraudar ya que esta contenía hechos falsos que presuntamente se expusieron para privar o afectar los derechos patrimoniales sobre sus bienes inmuebles o bienes muebles. Argumentó que ello violaba el Art. 202, 211, y 212 del Código Penal de Puerto Rico. Razonó que las presuntas falsas alegaciones y la persecución maliciosa por parte de los peticionarios le causaron daños, incluyendo su reputación y buen nombre, los cuales estimaron en una suma no menor de $100,000.00.

---

[2] Véase, págs. 1-8 del apéndice del recurso.
[3] Íd., págs. 21-34.

Ante lo antes alegado por parte del recurrido en su reconvención, el 23 de febrero de 2024, los peticionarios presentaron una *Moción de Descalificación* y en esta solicitaron la descalificación de la representación legal de Breeze Point, el Lcdo. Roberto E. Berrios Falcon (licenciado Berrios).[4] Alegaron que este último acusó a la representación legal de ellos por la comisión de delitos en su *Reconvención* sin prueba alguna. Argumentaron que ello obstaculizó la sana administración de la justicia y denotó una conducta irrespetuosa para con el Tribunal en violación al Canon 9 de los de Ética Profesional que exige observar una conducta que se caracteriza por el mayor respeto. De igual forma, añadieron que, dicha conducta contravino el Canon 17 de los de Ética Profesional que exige que todo abogado que presente una demanda o una reconvención como en la de este caso, cuente con la prueba necesaria para justificar sus alegaciones. Por último, adujeron que la conducta desplegada por el licenciado Berrios infringía el Canon 38 de Ética Profesional en la medida de que, en su juicio, este actuó bajo completa inobservancia de conducirse de manera digna y honrada.

En respuesta, el 25 de marzo de 2024, Breeze Point presentó su *Oposición a Moción de Descalificación*.[5] En síntesis, expresó que los peticionarios no demostraron de qué manera les causaría un perjuicio o desventaja indebida el que el licenciado Berrios continuara representando a Breeze Point. Puntualizó que tampoco establecieron que la conducta del licenciado Berrios constituyera un obstáculo a la sana administración de la justicia. Además, señaló que los peticionarios no presentaron prueba alguna de que las alegaciones de la reconvención le faltaran a la verdad. Por los motivos antes expuestos razonó que la moción de descalificación se

---

[4] Íd., págs. 47-52.
[5] Íd., págs. 71-92.

presentó para dilatar los procedimientos judiciales por lo que solicitó que esta fuese declarada No Ha Lugar. El 3 de abril de 2024, los peticionarios presentaron una *Réplica a Oposición a Moción de Descalificación.*[6]

Así las cosas, el 29 de abril de 2024, el TPI emitió una *Resolución* que se notificó el 30 de abril de 2024 en la cual declaró No Ha Lugar la solicitud de descalificación que presentaron los peticionarios.[7] Inconforme con este dictamen, el 8 de mayo de 2024, los peticionarios presentaron una *Solicitud de Reconsideración* en la cual reiteraron los argumentos expuestos en su solicitud de descalificación.[8] El 23 de mayo de 2024, Breeze Point presentó una oposición a la solicitud de reconsideración.[9]

Atendidas las posturas de ambas partes, el 8 de mayo de 2024 el TPI emitió una *Resolución sobre Reconsideración* que se notificó el 29 de mayo de 2024.[10] En lo pertinente resolvió lo siguiente:

> Este Juez advierte a todas las(os) representantes legales que espera en su Sala y en las mociones que se presenten en el caso un alto grado de respeto, cortesía y deferencia profesional. En las vistas que se celebren en la sala de este Juez, los argumentos se presentarán al Tribunal y no entre los abogados(as). Este Juez acepta aseveraciones que versen y se refiera al argumento de otro representante legal pero no sobre el otro representante legal. La última instancia no es aceptable en esta sala, excepto que las aseveraciones versen de forma puntual, sobre alguna conducta que incida en los Cánones de Ética de la profesión. Les recuerda a los representantes legales que los casos no son de los representantes legales son de sus clientes.
>
> Este Juez advierte de sanciones progresivas ante el incumplimiento con lo aquí dispuesto. Este Juez tiene la facultad para atender las situaciones que se distancien en este caso de la conducta esperada. Las alegaciones de descalificación de un abogado deben basarse en la conducta desplegada en el caso ante la consideración de ese Juez. Evaluado el expediente el Tribunal reconsideró su determinación de celebrar vista para dilucidar la solicitud pues dispuso de la misma con la advertencia sobre la conducta y proceder esperado de todos los representantes legales en el caos. De igual

---

[6] Íd., págs. 97-102.
[7] Íd., pág. 152.
[8] Íd., págs. 153-158.
[9] Íd., págs. 166-169.
[10] Íd., págs. 170-171.

forma, advierte que de incumplirse con estas Ordenes se impondrán sanciones progresivas. Con estas advertencias, este juez atiende la solicitud de descalificación. Así las cosas, declara No Ha Lugar, en este momento, la solicitud de descalificación.

Aún inconforme, el 28 de junio de 2024, la parte peticionaria presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al no descalificar al Lcdo. Berríos Falcón y al bufete Berríos Falcón LLC a pesar de infringir los Cánones de Ética mediante sus imputaciones de comisión de delitos desprovistas de fundamento y pruebas.**

Atendido el recurso, el 11 de julio de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 18 de julio de 2024 para presentar su postura en cuanto al recurso. Oportunamente, Breeze Point presentó una *Oposición a la Expedición de Auto de Certiorari* y negó que el TPI cometiera el error que los peticionarios le imputaron. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al

resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sobre este último criterio, el Tribunal Supremo expresó en *Job Connection Center v. Sups. Econo,* 185 DPR 585, 601 (2012) que las órdenes de descalificaciones de abogados son revisables mediante *certiorari* ya que esperar a una apelación constituiría un fracaso irremediable de la justicia. A tono con lo anterior, dispuso que "[l]os tribunales apelativos estamos llamados a revisar la decisión sobre la descalificación si se demuestra que hubo un craso abuso de discreción, que el foro primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial". Íd.

Ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, s*upra,* es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra. La norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

III.

En su recurso de *certiorari,* los peticionarios solicitaron la revisión de una *Resolución* que emitió el TPI el 29 de abril de 2024 y notificó el 30 de abril de 2024 en la cual declaró No Ha Lugar la solicitud de descalificación en contra del licenciado Berrios. En vista

de ello, en su único señalamiento de error, los peticionarios argumentaron que el TPI erró al no descalificar al licenciado Berrios y al bufete Berrios Falcon LLC a pesar de infringir los Cánones de Ética mediante imputaciones de comisión de delitos. Sostuvieron que estas imputaciones de delitos estaban desprovistas de fundamentos y pruebas.

De entrada, debemos mencionar que cuando se nos solicita la revisión de una resolución interlocutoria emitida por el TPI relacionada a un asunto de descalificación, este Tribunal tiene discreción para expedir el recurso. Ello, toda vez que esperar a la apelación constituiría un fracaso irremediable de la justicia. Así pues, a pesar de que este es susceptible de revisión, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, determinamos denegar su expedición.

Luego de examinar los argumentos esgrimidos por la parte peticionaria a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos previamente expuestos, ***denegamos*** el recurso de certiorari.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones